UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY WILFORD BROCK,

    Plaintiff,

Civil No. 2:21-CV-10585
HON. VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

v.

THOMPSON,

    Defendant,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

Corey Wilford Brock, ("Plaintiff"), incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The case is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### I. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. Complaint

Plaintiff alleges that on February 21, 2021, the defendant, a prison guard at the Macomb Correctional Facility, came to Plaintiff's cell door. The defendant allegedly told Plaintiff that he wanted to have sex with him. Plaintiff alleges that this amounts to sexual harassment; Plaintiff seeks monetary damages.

## III. Discussion

The complaint must be dismissed; Plaintiff fails to state a claim for which relief can be granted.

The Sixth Circuit "held that 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019)(citing *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). Plaintiff's claim does not rise to the level of an Eighth Amendment violation; Plaintiff does not allege repeated and severe instances of sexual abuse, nor does he allege that the defendant forced him to engage in sexual acts. *Compare Rafferty*, 915 F. 3d at 1095-96 (Allegations that corrections officer repeatedly demanded that inmate expose her breasts and masturbate in officer's presence on six occasions against inmate's will were sufficiently serious to implicate the Eighth Amendment, even in the absence of physical touching by officer; alleged sexual abuse did not merely consist of words, but also entailed forced sexual acts and officer's alleged sexual abuse was not isolated and brief). Plaintiff is not entitled to relief on his claim.

## IV. ORDER

Accordingly, it is **ORDERED** that the complaint (ECF No. 1) is **DISMISSED for failing to state a claim upon which relief can be granted**.

The Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
United States District Judge

DATED: 5/19/2021